IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BRO STEPHEN MICHAEL EL-BEY, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil No. 26-1659-BAH |
| BALTIMORE CITY ET AL., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

Plaintiff Bro Stephen Michael El-Bey ("Plaintiff") filed the above-captioned complaint pro se together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted. The Clerk has also issued a deficiency notice directing Plaintiff to file a civil cover sheet or risk dismissal.  *See* ECF 4.[1]

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020).  The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th

---

[1] Because the complaint is being dismissed for lack of subject matter jurisdiction, Plaintiff need not correct the deficiency.

Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").  Here, this action will be dismissed because Plaintiff has not stated a viable federal claim for relief and the Court otherwise lacks subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question.  28 U.S.C. §§ 1331, 1332(a)(1).  Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000.  28 U.S.C. § 1332(a)(1).  Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff brings suit against Baltimore City, Shannon Avery, John Addison Howard, Daniel Register, Robert Brisco, Jennifer Schiffer, David M. Brown, and Raynaldo Gomez.  *See* ECF 1, at 1–2.[2]  He alleges that "John Addison Howard and Shannon E. Avery was bias and prejudice from the very start of receiving correspondences form me of 25 files[.]"  *Id.* at 1 (sic).  He appears to

---

[2] The Court takes judicial notice that at least Shannon Avery, John Addison Howard, and Jennifer Schiffer are current or former judges on the Circuit Court of Maryland for Baltimore City.  *See Judges*, Circuit Court for Baltimore City, https://baltimorecitycourt.org/judges/; *Circuit Courts, Former Judges, 1996–2025*, Maryland Manual On-line, https://msa.maryland.gov/msa/mdmanual/31cc/former/html/former.html.

allege a violation 18 U.S.C. § 1341.[3]  *Id.* at 3.  He appears to allege that he was defrauded of his property after he was arrested and incarcerated and his property was sold.  *See id.*

Plaintiff appears to have filed dozens of other lawsuits in this Court.  Some name the same defendants named here.  Most of these cases, if not all of them, have been summarily dismissed, most often under the three strikes rule of the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).  Further, the allegations in the instant complaint appear to overlap significantly with those in *El-Bey v. Avery*, Civ. No. 22-2105-SAG, which Plaintiff brought against many of the same defendants alleging similar allegations of fraud related to his property loss.  In that case, another judge of this Court ordered Plaintiff to file an amended complaint that complied with federal pleading requirements and that adequately explained the basis for the Court's jurisdiction.  *See* ECF 3 in Civ. No. 22-2105-SAG.  After Plaintiff did not file an amended complaint, the Court dismissed the complaint and denied Plaintiff's motion to reopen because he did not cure the noted deficiencies and because it appeared to the Court that Plaintiff was espousing Moorish-American arguments uniformly deemed frivolous and rejected by courts.  *See* ECFs 4 and 6 in Civ. No. 22-2105-SAG.  Plaintiff's appeal of that case was dismissed for lack of prosecution.  *See* ECF 16 in Civ. No. 22-2105-SAG.

Additionally, the Court takes judicial notice of several state court cases brought by Plaintiff against at least some of the same defendants named here.  First, Case No. D-01-CV-25-010120, appears to be a near-identical complaint to the instant complaint which Plaintiff brought in the

---

[3] Plaintiff also alleges that Defendants "[v]iolated Article[ ]3, 4, 5, 6 AND WARRING AGAINST THE UNITED STATES OF NORTH AMERICA 6 AND OF THESE Constitution of these [U]nited States of North America . . . ." ECF 1, at 4 (sic).  The Court cannot discern what provision of law Plaintiff seeks to allege a violation of (or what alleged wrongdoing constitutes such a violation).

District Court of Maryland for Baltimore City and which was dismissed on March 24, 2026, pursuant to Maryland Rule 3-507 for lack of jurisdiction.[4]  Plaintiff also brought Case No. D-01-CV-25-010123, which appears to contain nearly identical allegations as the instant complaint, against Shannon E. Avery.  The Circuit Court of Maryland dismissed that complaint because the complaint lacked sufficient specificity and because the defendant, an active judge, was protected by absolute judicial immunity.

Here, the only statute Plaintiff cites in the complaint is 18 U.S.C. § 1341, a federal criminal statute.  This criminal statute does not provide a private right of action under which Plaintiff can seek redress.  *See Tribble v. Reedy*, 888 F.2d 1387 (4th Cir. 1989) (noting that Congress did not create a civil remedy for violations of § 1341); *Zurich Am. Ins. Co. v. Casey's Auto Serv., Inc.*, No. 1:19CV957, 2020 WL 5633355, at *2 (M.D.N.C. Sept. 21, 2020) (collecting cases in finding that a claim brought under 18 U.S.C. § 1341 "fails as a matter of law").  This claim must therefore be dismissed.

To the extent Plaintiff's complaint can be read to bring a state law claim for fraud,[5] this Court appears to lack diversity jurisdiction over such a claim.  Plaintiff has not alleged an amount in controversy or the diversity of any of the parties.  Even if he did, however, it appears that there would not be complete diversity between the parties.  Plaintiff has provided a Maryland address

---

[4] Maryland Rule 3-507(a) provides that "[a]n action against any defendant who has not been served or over whom the court has not otherwise acquired jurisdiction is subject to dismissal as to that defendant at the expiration of one year from the last issuance of original process directed to that defendant."

[5] Plaintiff has not met the pleading requirements of Fed. R. Civ. P. 9(b).  Rule 9(b) requires plaintiffs, to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  In order to satisfy this standard, plaintiffs "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008).

for himself.  *See* ECF 1-2, at 1.  Plaintiff brings suit against Baltimore City, which is a citizen of

Maryland for diversity jurisdiction purposes.  *See Mayor & City Council of Baltimore v. Purdue*

*Pharma L.P.*, Civ. No. GLR-18-800, 2018 WL 1963816, at *1 (D. Md. Apr. 25, 2018) (noting that

Baltimore City is a municipal corporation organized under the laws of Maryland and "is a citizen

of Maryland").  Further, as noted, at least two of the named defendants are active judges in the

Circuit Court for Baltimore City.  *See supra* note 1.  The Constitution of Maryland requires that

"[t]he Judges of all the said Courts shall be citizens of the State of Maryland[.]"  *See* Const. of

Maryland Art. IV, § 2.  Thus, because some defendants appear to be citizens of the same state as

Plaintiff, there is not complete diversity.

Because Plaintiff has not properly pled a federal claim and the Court lacks diversity

jurisdiction, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

Accordingly, it is this 29th day of April, 2026, by the United States District Court for the

District of Maryland, hereby ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis, ECF 2, is GRANTED;

2.  Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for lack of subject

    matter jurisdiction; and

3.  The Clerk is directed CLOSE this case and MAIL a copy of this memorandum and

    order to Plaintiff.

_____/s/_____
Brendan A. Hurson
United States District Judge